# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY WADDELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-587-J |
| | ) |
| SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). [Doc. No. 8]. On screening, Judge Erwin recommends the action be dismissed without prejudice for failure to exhaust state remedies. Petitioner has timely filed his objections [Doc. No. 9] and the Court considers the matter de novo.

The facts and law are accurately set out in Judge Erwin's Report and Recommendation. Liberally construing his objections, Petitioner contends he did not have to exhaust his state remedies because Oklahoma lacks subject matter jurisdiction under the Supreme Court's recent decision in *McGirt v. Okla.*, 140 S. Ct. 2452 (2020). Petitioner is incorrect and he must exhaust his state court remedies before proceeding in habeas corpus. *See Collins v. FNU LNU*, CIV-21-0285-F, 2021 WL 1630549, at *1 (W.D. Okla. Apr. 27, 2021) (finding petitioner was required to exhaust *McGirt* claim in state court before bringing it to the federal court in a habeas petition); *Draper v. Pettigrew*, CIV-20-800-D, 2020 WL 8225500, at *4 (W.D. Okla. Dec. 22, 2020) (R&R), adopted, 2021 WL 203313 (W.D. Okla. Jan. 20, 2021) (rejecting petitioner's argument that he did not have to exhaust state remedies because of lack of jurisdiction under *McGirt*).

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 8] and DISMISSES the Petition for writ of habeas corpus [Doc. No. 1] without prejudice.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has failed to make either showing and the Court denies the COA.

IT IS SO ORDERED this 12th day of July, 2021.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE